UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-00103-JAW |
| | ) | |
| RAYMOND L. ELLIS, JR. | ) | |

**ORDER DENYING MOTION TO POSTPONE PAYMENT**

On July 7, 2009, Raymond L. Ellis, Jr. waived indictment and pleaded guilty to a three-count information, charging him with stealing firearms from a licensed firearms dealer, with conspiring with others to steal firearms from a licensed firearms dealer, and possession of firearms by a felon. *Information* (ECF No. 5). On December 29, 2009, the Court imposed a sentence on Mr. Ellis consisting of 120 months on Counts 1 and 3 and 60 months on Count 2, all counts to be served concurrently with each other, $8,257.00 in restitution, $300 in special assessments, and three years of supervised release to be served concurrently. *J.* (ECF No. 29).

On February 22, 2016, the Court received a letter from Mr. Ellis. *Letter from Raymond L. Ellis, Jr. to Clerk of Court* (ECF No. 63). The letter reads:

Honorable Clerk and or Whom it may concern,

My name is Raymond Ellis. My inmate number is []. I'm being housed at USP Allenwood, and I'm on (FRP) Refusal for not paying my fines and restitution, but every time I can I pay it. The only money I get from my family is for [hygiene] and stamps. I don't have a lot of money. I'm asking this honorable clerks office to let me be exempt until I'm released, when I can pay properly. What little money I have or get I can't afford to pay it. I have been incarcerated for 7 years. [T]he BOP program statements say[] after 5 years you can be put on exempt. Please consider

> this and get back to me as soon as you can.  Thank you for your time and consideration.
>
> Respectfully submitted,
>
> Raymond Ellis, Jr.

*Id.* The Court has treated this letter as a pro se motion to postpone payment of restitution until Mr. Ellis is released from incarceration.

The Court gathers from Mr. Ellis' letter that the Bureau of Prisons (BOP) has placed him on restrictions because of his refusal to participate in the Inmate Financial Responsibility Program (IFRP).  The BOP is authorized to administer the collection of restitution payments when a sentencing court, as the Court did in Mr. Ellis' case, orders immediate payment.  *United States v. Reeves*, No. 1:05-cr-00047-JAW, 2015 U.S. Dist. LEXIS 13657, at *10 (D. Me. Feb. 4, 2015); *United States v. Marston*, No. 09-cr-95-1-SM, 2012 U.S. Dist. LEXIS 122607, at *2 (D.N.H. Aug. 29, 2012); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999).  In general, the BOP is also authorized to impose restrictions in accordance with the regulation against inmates who decide not to participate in IFRP.  *See Pack v. Luczycki*, 93-CV-38, 1994 U.S. Dist. LEXIS 21532 (N.D.N.Y. July 27, 1994) ("The sanctions to which plaintiff were subjected are permissible if a prisoner refuses to participate in the IFRP").

The Court further gathers from Mr. Ellis' letter that he disagrees with the IFRP calculation that the BOP has made and contends that he is unable to pay what the BOP has calculated that he is able to pay.  However, to challenge the IFRP calculation, Mr. Ellis must first be part of the IFRP and his letter suggests he is not.

Furthermore, if he were part of the IFRP and wished to challenge the BOP's calculation, he would first be required to exhaust his administrative remedies and, if not satisfied, any court challenge "must be brought as a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which the defendant is incarcerated." *United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008).

As the BOP has the authority to administer the IFRP, as Mr. Ellis has to be part of the IFRP to challenge the BOP calculation, as he must first administratively challenge the BOP calculation, and as this Court does not have jurisdiction to hear any further challenge to the BOP calculation, the Court concludes that it must deny Mr. Ellis' request for postponement of the restitution order.

The Court DENIES Raymond L. Ellis, Jr.'s pro se Motion to Postpone Payment of Restitution (ECF No. 63).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2016