UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RAYMOND L. ELLIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09-cr-00103-JAW |
| | ) | 1:16-cv-00003-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Raymond L. Ellis, Jr., moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 59.) Following a guilty plea, Petitioner was convicted of theft of firearms from a federal firearms licensee, conspiracy to commit theft, and possession of firearms as a convicted felon. (Judgment, ECF No. 29 at 1.) The Court sentenced Petitioner to 120 months in prison. (*Id.* at 2.) In 2011, the First Circuit upheld the sentence on appeal. *United States v. Ellis,* No. 10-1052 (1st Cir. Mar. 17, 2011).

Petitioner alleges that he signed his section 2255 motion in December 2015, and it was filed in January 2015. (Motion at 1, 13.) Petitioner argues that the Court erred as a matter of law when it enhanced his sentence pursuant to U.S.S.G. § 2K2.1(b)(6); he contends that the applicable guidelines range was 92 to 115 months rather than the 135 to 168 months found by the Court at sentencing.[1] (Motion at 4; Attachment, ECF No. 59-1 at 1-3.) Petitioner also asserts a related claim of ineffective assistance of counsel. (Motion at 5; Attachment at 4-5.) Petitioner requests resentencing. (Motion at 13; Attachment at 7.)

---

[1] U.S.S.G. § 2K2.1(b)(6) states in relevant part: "If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by **4** levels."

The Court ordered the Government to respond, and to limit the response to the statute of limitations issue. (Order, ECF No. 62.) The Government requests that the motion be dismissed as untimely. (Response, ECF No. 69.) Following a review of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At a hearing in July 2009, Petitioner waived indictment and pled guilty to a three-count information in which the Government alleged that: (1) on or about February 8, 2009, in violation of 18 U.S.C. § 922(u), Petitioner stole twelve firearms, which previously had been shipped and transported in interstate commerce, from a licensed firearms dealer in Benton, Maine (Count 1); (2) from February 8, 2009, to February 10, 2009, in violation of 18 U.S.C. § 371, Petitioner conspired with others to steal the firearms (Count 2); and (3) on or about February 8, 2009, in violation of 18 U.S.C. § 922(g)(1), Petitioner, having been convicted previously of burglarizing a dwelling, knowingly possessed the twelve firearms (Count 3). (Waiver of Indictment, Arraignment, and Plea Tr., ECF No. 17 at 4-10, 26-27.) During the plea colloquy, Petitioner told the Court that he believed that the information contained in the prosecution version of the offense was true. (*Id.* at 17.)

The prosecution version states that Petitioner committed the robbery with another person. (Prosecution Version, ECF No. 8 at 1-3.) Petitioner was armed with a baseball bat, and his partner had a metal pipe or rod. (*Id.* at 1-2.) They donned disguises, and after they entered the store, Petitioner brandished the baseball bat, and he and his partner twice ordered the store employees to the ground. (*Id.* at 2.) When the employees were on the ground, Petitioner used the baseball bat to break the glass of a display case, and he removed the firearms and a silencer. (*Id.* at 2-3.)

Petitioner's partner took approximately $2,000 in cash, and they left. (*Id.* at 3.) Petitioner and his partner divided the proceeds from the robbery; Petitioner's partner received two of the firearms and approximately $500, and Petitioner kept the remaining firearms, the silencer, and approximately $1,500. (*Id.*) The next day, Petitioner, his girlfriend, and another person travelled to New Hampshire; Petitioner kept one of the firearms and the silencer, and he "gave the remaining firearms to his girlfriend and her cousin for the purpose of selling the firearms for money and/or trading the firearms for cocaine." (*Id.* at 3-4.)

Following the plea colloquy, the Court made the requisite findings and accepted Petitioner's guilty plea. (Waiver of Indictment, Arraignment, and Plea Tr. at 27.) At Petitioner's sentencing hearing in December 2009, the Court told Petitioner that the Court intended to rely on the contents of the revised presentence investigation report. (Sentencing Tr., ECF No. 52 at 4.) The Court asked Petitioner whether he had reviewed the report, whether he understood it, and whether he had found anything incorrect or inaccurate in the report. (*Id.*) Petitioner replied that he had reviewed the report, he understood it, and he did not know of anything incorrect or inaccurate in the report. (*Id.*)

The Court determined, consistent with the revised presentence investigation report, that the base offense level was 26. (*Id.* at 5.) The Court applied two four-level increases, one pursuant to U.S.S.G. § 2K2.1(b)(1)(B), because the offense involved more than eight firearms; the other pursuant to U.S.S.G. § 2K2.1(b)(4)(B), because the serial numbers on two of the firearms had been obliterated. (*Id.*) Given that the cumulative offense level may not exceed 29, the offense level was reduced to 29, pursuant to U.S.S.G. 2K2.1(b). (*Id.*) The Court then applied an additional four-level increase, pursuant to U.S.S.G. § 2K2.1(b)(6), because Petitioner possessed a firearm or

3

ammunition (the Count 3 offense) in connection with another felony offense (the Count 1 offense). (*Id.*)

From an adjusted offense level of 33, the Court applied a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. (*Id.* at 6.) The Court determined the applicable sentencing guideline range to be from 135 to 168 months, based on a total offense level of 30 and a criminal history category of IV. (*Id.*) All of the Court's sentencing guideline calculations were consistent with the revised presentence investigation report.

The Court then considered the sentencing factors set forth in 18 U.S.C. § 3553(a), in particular Petitioner's history and characteristics, and the nature and circumstances of the offense. (*Id.* at 60.) The Court sentenced Petitioner to a below-guidelines prison term of 120 months on each of Counts 1 and 3, and to 60 months on Count 2, with all counts to be served concurrently with one another.[2] (Sentencing Tr. at 6; Judgment at 2.)

Petitioner appealed from the sentence. On March 17, 2011, the First Circuit concluded that this Court did not err when it considered the Government's exhibits at the sentencing hearing, and the First Circuit affirmed the judgment. *Ellis*, No. 10-1052. Petitioner did not challenge on direct appeal the section 2K2.1(b)(6) enhancement. *Id.* (Appellant's Brief at 6.)

Petitioner asserts that he placed his section 2255 motion in the prison mailing system on December 29, 2015. (Motion at 13.) The motion was filed on January 4, 2016. (*Id.* at 1.)

---

[2] The judgment also provides that, pursuant to U.S.S.G. § 5G1.3(c), the federal sentence is to be served consecutively to a 90-day state court sentence originally imposed in *State v. Ellis*, No. 2008-426 (Me. Super. Ct., Som. Cnty.), but concurrently with the 41-month probation revocation sentence imposed in that case. (Judgment, ECF No. 29 at 2.)

4

The Government filed a response in June 2016 in accordance with an extension of time granted by the Court; Petitioner timely filed a reply in July 2016.[3]  (Order, ECF No. 68; Response at 1; Reply, ECF No. 70 at 1.)

## II. DISCUSSION

Petitioner's claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not file a petition for certiorari, and thus the one-year limitation period started to run upon expiration of the time to file a petition for certiorari.  *See In re Smith*, 436 F.3d 9, 10 n.1 (1st Cir. 2006) (per curiam) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).  Pursuant to Rule 13 of the Rules of the United States Supreme Court, a petition for certiorari must be filed within 90 days after the entry of judgment.[4]  Petitioner's period of limitation under section

---

[3] Petitioner's reply does not contain a declaration that Petitioner makes the allegations under penalty of perjury, pursuant to Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, which requires that the section 2255 motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."  *See* 28 U.S.C. § 1746.  This recommended decision assumes, without recommending a decision on the issue, that the Court would permit Petitioner to file a copy that contained the required declaration.

[4] Rule 13(1) of the Rules of the United States Supreme Court states in pertinent part: "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

2255(f)(1) thus began to run 90 days after the First Circuit's March 17, 2011, judgment, and it expired one year later, in June 2012. Because Petitioner placed his motion in the prison mailing system in December 2015, i.e., more than three years after the expiration of the limitations period, Petitioner did not timely file the motion in accordance with section 2255(f)(1). In addition, Petitioner has not alleged any facts or made any arguments to suggest that the time period is governed by 2255(f)(2), (3), or (4). *See Barreto-Barreto v. United States*, 551 F.3d 95, 99-100 (1st Cir. 2008) (noting that undeveloped arguments are deemed waived).[5]

Petitioner asks the Court to determine that the limitations period was equitably tolled due in part by his lack of access to legal materials during periods when he was placed in more restrictive prison housing conditions in 2013 and 2014. (Reply at 5-7.) Petitioner also alleges the delay was caused in part by his lack of knowledge of the law. (Motion at 6; Reply at 1-2.)

The one-year limitations period under section 2255(f) "is subject to equitable tolling in appropriate instances." *Ramos–Martínez v. United States,* 638 F.3d 315, 322 (1st Cir. 2011). "Equitable tolling is a doctrine that provides that in exceptional circumstances, a statute of limitations may be extended for equitable reasons not acknowledged in the statute creating the limitations period." *Id.* at 321 (quotation marks omitted); *see also Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755-56 & n.2 (2016). The burden is on a petitioner to establish the basis for equitable tolling. *Id.*; *Ramos-Martínez,* 638 F.3d at 323. A petitioner must

---

[5] It appears Petitioner alleges that from August to November 2013, and from April to October 2014, he was under prison housing restrictions that severely limited his access to legal materials. (Reply, ECF No. 70 at 6.) The Court need not consider whether the restrictions Petitioner alleges constitute a government impediment, pursuant to 28 U.S.C. § 2255(f)(2), because, according to Petitioner's allegations, the restrictions began in 2013, which was after the one-year limitation period had expired. *See United States v. Briggs*, Nos. 96-336-1, 06-cv-3142, 2014 WL 940341, at *4 n.8, 2014 U.S. Dist. Lexis 30854, at *16 n.8 (E.D. Pa. Mar. 7, 2014) (noting that the petitioner "has cited no authority suggesting limited access to federal legal materials constitutes the type of 'governmental action' impeding timely filing contemplated by § 2255(f)(2)," and the petitioner did not "allege any intentional misconduct or that any governmental entity actively prevented him from filing a § 2255 motion").

prove "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wisconsin*, 136 S. Ct. at 755 (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quotation marks omitted)).

Petitioner's arguments for equitable tolling are unpersuasive. Significantly, he has not alleged that his access to materials was restricted during the one-year limitation period. In addition, restricted access to the courts due to incarceration and limited knowledge of the law would not support a finding of equitable tolling. *See Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002) (limited knowledge of the law and limited access to the courts do not in themselves warrant application of the doctrine of equitable estoppel).

In sum, Petitioner filed his section 2255 motion more than three years after the expiration of the one-year limitation period, and the record lacks support for Petitioner's equitable tolling argument. Petitioner, therefore, cannot prevail on his motion.

### III.  CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Proceedings. Accordingly, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served

with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                  /s/ John C. Nivison
                                  U.S. Magistrate Judge

Dated this 14th day of November, 2016.