UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RAYMOND L. ELLIS, JR., )<br>　)<br>　　Petitioner )<br>　)<br>v. )<br>　)<br>UNITED STATES OF AMERICA, )<br>　)<br>　　Respondent ) | 1:09-cr-00103-JAW<br>1:16-cv-00003-JAW |

**RECOMMENDED DECISION ON MOTION TO AMEND**[1]

In this action, Petitioner Raymond L. Ellis, Jr., moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 59.) Following a guilty plea, Petitioner was convicted of theft of firearms from a federal firearms licensee, conspiracy to commit theft, and possession of firearms as a convicted felon. (Judgment, ECF No. 29 at 1; Information, ECF No. 5.) The Court sentenced Petitioner to a total of 120 months in prison. (Judgment at 2.) In 2011, the First Circuit upheld the sentence on appeal. (*United States v. Ellis,* No. 10-1052 (1st Cir. Mar. 17, 2011).)

In November 2016, I determined that the section 2255 motion was untimely and thus recommended the Court deny relief, dismiss the motion, and deny a certificate of appealability. (Recommended Decision, ECF No. 72 at 2, 7.) Petitioner subsequently filed

---

[1] Although a motion to amend is within the magistrate judge's authority, *Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 9 n.2 (1st Cir. 2000), because the motion is directly related to, and was arguably filed in response to, the recommended decision that I previously issued regarding Petitioner's section 2255 motion (Recommended Decision, ECF No. 72), and particularly given that in its review of the interrelated decisions the Court will determine whether Petitioner can proceed on his motion, I concluded that it was appropriate to issue a recommended decision on the pending motion, to afford the Court, in the event a party objects to this recommendation, the opportunity to apply the same standard of review to both decisions.

a motion to amend to add a claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015).  (Motion to Amend, ECF No. 73.)  In the motion to amend, Petitioner asserts that he is entitled to relief because the Court determined the sentencing guidelines range based in part on a finding that two prior Maine burglaries qualified as prior crimes of violence, pursuant to USSG § 2K2.1, and that under *Johnson*, the burglaries do not qualify as a crime of violence.  (Motion to Amend at 1-2; Reply, ECF No. 75 at 1; Sentencing Tr., ECF No. 52 at 5.)  The Government objects to the motion to amend.  (Response, ECF No. 74.)

After review of Petitioner's motion to amend, I recommend the Court deny the motion to amend as futile. I further recommend the Court deny a certificate of appealability.

## DISCUSSION

Petitioner's motion to amend is governed by Fed. R. Civ. P. 15.  *See* 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Rules Governing Section 2255 Proceedings, Rule 12 (providing that the Federal Rules of Civil Procedure apply, to the extent they are not inconsistent with statutory provisions or the Rules Governing Section 2255 Proceedings). Because the motion to amend was not filed within 21 days of Petitioner's section 2255 motion, and because the Government objects to the motion to amend, leave of court is required. *See* Fed. R. Civ. P. 15(a)(2).  The Court may deny a motion to amend if the amendment would be futile, i.e., if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *D'Agostino v. ev3, Inc.*, 845 F.3d 1, 6 (1st Cir. 2016).

Petitioner's motion to amend seeks leave to assert a claim under *Johnson*. In *Johnson*, the Supreme Court "struck down the 'residual clause' of the [Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA)] as unconstitutionally vague."[2] *Pakala v. United States*, 804 F.3d 139, 139 (1st Cir. 2015) (per curiam).  In *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." Petitioner maintains he is entitled to relief under *Johnson* because two Maine burglary convictions used by the Court to enhance his sentence pursuant to USSG § 2K2.1(a)(1) are no longer violent crimes.[3]

---

[2] In *Johnson*, --- U.S. ---, 135 S. Ct. 2551 (2015), the Supreme Court explained:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. [18 U.S.C. § 922(g)]. In general, the law punishes violation of this ban by up to 10 years' imprisonment. [18 U.S.C. § 924(a)(2)]. But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States,* 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:
>
> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

135 S. Ct. at 2555-56.  The Court held that the residual clause is unconstitutionally vague. *Id.* at 2557.

[3] At Petitioner's sentencing, the Court determined, consistent with the revised presentence investigation report, that an enhanced base offense level of 26 applied, pursuant to USSG § 2K2.1(a)(1), based in part on Petitioner's two prior Maine burglary convictions.  (Sentencing Tr., ECF No. 52 at 5, 60.)

Significantly, in *Johnson*, the Supreme Court explicitly limited its holding to exclude claims based on "the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563. Burglary is one of the offenses enumerated in section 924(e)(2)(B)(ii) of the ACCA. Thus, in *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *2, 2016 U.S. Dist. Lexis 142354, at *5 (D. Me. Oct. 14, 2016), this Court held that because the petitioner's multiple prior Maine burglary convictions resulted in an enhanced sentence under the enumerated

---

Section 2K2.1(a)(1) applies

> if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

USSG § 2K2.1(a)(1). Application Note 1 of the Commentary to USSG § 2K2.1 provides that the term "crime of violence" has the same meaning as in section 4B1.2(a) and Application Note 1 of the Commentary to USSG § 4B1.2. Section 4B1.2(a) provided at the time of Petitioner's sentencing:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a). Section 4B1.2(a) was amended following *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). USSG Supp. to App. C, amend. 798 (Aug. 1, 2016). "Burglary of a dwelling" is not in the current version of section 4B1.2(a). However, the amendment does not apply to Petitioner's case because it was not in effect on the date of his sentencing. *See* USSG § 1B1.11; *United States v. Johnson*, --- F. App'x ---, ---, 2016 WL 6775916, at *4, 2016 U.S. App. Lexis 20525, at *11 (11th Cir. Nov. 16, 2016) (noting that Amendment 798 involves a substantive change that does not apply retroactively); *Tosi v. United States*, No. 2:16-cv-05-GZS, 2016 WL 5107078, at *2 & n.4, 2016 U.S. Dist. Lexis 127760, at *4 & n.4 (D. Me. Sept. 20, 2016) (discussing Amendment 798). In *Tosi*, an assented-to motion to dismiss the appeal, based on *Beckles*, is pending in the First Circuit. (*Tosi v. United States*, No. 16-2225.)

4

offense clause of section 924(e)(2)(B)(ii), rather than the residual clause of the statute, *Johnson* and *Welch* do not provide grounds for relief.  If *Johnson* applied to sentences enhanced under the guidelines and was not limited to ACCA sentences, under this Court's reasoning in *Dimott*, Petitioner nonetheless would not be entitled to relief under *Johnson,* because the sentencing range was determined under the enumerated offenses clause, not the residual clause, of the guidelines.[4]

*Johnson*, however, does not apply to sentences enhanced under the guidelines.  In *Beckles v. United States*, No. 15-8544, --- U.S. ---, 2017 WL 855781, 2017 U.S. Lexis 1572 (Mar. 6, 2017), the Supreme Court recently held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause . . . ." 2017 WL 855781, at *3, 2017 U.S. Lexis 1572, at *6.  The Supreme Court thus rejected the petitioner's argument that the guidelines residual clause, like the statutory residual clause at issue in *Johnson*, is unconstitutionally vague.  *Id.*  Because Petitioner's sentence was enhanced under the guidelines and was not an ACCA sentence, *Beckles* precludes Petitioner's claim.

---

[4] Had the claim set forth in Petitioner's motion to amend presented an issue under *Johnson*, the claim nevertheless would have been untimely, because Petitioner filed it in December 2016, i.e., more than one year after the Supreme Court's June 26, 2015, decision in *Johnson*, and Petitioner asserts no appropriate basis for equitable tolling.  *See* 28 U.S.C. § 2255(f)(3) (providing a one-year limitation period that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); *Ramos-Martínez v. United States*, 638 F.3d 315, 322 (1st Cir. 2011) (holding that "section 2255(f)'s one-year limitations period is subject to equitable tolling in appropriate circumstances").  In addition, because the recommended decision concludes that Petitioner's original section 2255 motion was untimely (Recommended Decision at 2, 7), the proposed amendment may not relate back under Fed. R. Civ. P. 15(c), i.e., the amendment may not be considered timely based on the date of filing of the original claim.  *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) (noting that "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading").

Petitioner also cites *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), in support of his claim.[5] *Mathis* is not applicable to Petitioner's section 2255 motion because *Mathis* "has not been recognized as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review," and it therefore "cannot be read as triggering a new one-year period for habeas relief under 28 U.S.C. § 2255(f)(3)." *Dimott*, 2016 WL 6068114, at *3, 2016 U.S. Dist. Lexis 142354, at *6-7; *see Mathis*, 136 S. Ct. at 2251-52 (noting that the Court's prior precedent, including *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276, 2283 (2013), indicated the rule was not new); *United States v. Taylor*, --- F. App'x ---, 2016 WL 7093905, at *4, 2016 U.S. App. Lexis 21701, at *12 (10th Cir. Dec. 6, 2016) (concluding that "*Mathis* did not announce a new rule," and citing, *inter alia*, *Dimott*, 2016 WL 6068114, at *3, 2016 U.S. Dist. Lexis 142354, at *6-7). Because *Mathis* is not retroactively applicable, Petitioner could not recover on a claim based on *Mathis*.[6]

---

[5] *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), is one of a line of cases involving the statutory interpretation of the term "burglary" and other enumerated offenses, as used in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See Mathis*, 136 S. Ct. at 2247-50; *Shepard v. United States*, 544 U.S. 13, 23 (2005) ("We are, after all, dealing with an issue of statutory interpretation.") (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). In *Mathis*, the Supreme Court recognized the long-standing rule that a prior conviction will not qualify as an ACCA predicate unless "its elements are the same as, or narrower than, those of the generic offense." 136 S. Ct. at 2247. The Court held that the inclusion of land, water or air vehicles, as well as buildings and structures, in Iowa's burglary statute rendered the "locational element" of the crime broader than generic burglary, which includes only buildings and structures. *Id.* at 2250. The Supreme Court held that the Eighth Circuit erred when it affirmed the district court's use of a modified categorical approach, which had permitted a review of the record to determine the location where the burglary took place, because under the ACCA, "it is impermissible for 'a particular crime [to] sometimes count towards enhancement and sometimes not, depending on the facts of the case.'" *Id.* at 2250-51 (quoting *Taylor*, 495 U.S. at 601).

[6] Because Petitioner's claim is based on the Court's guidelines determinations, rather than the ACCA, given the *Beckles* decision, the argument made by the petitioners in three cases now pending before the First Circuit – that *Johnson* opened the door to challenge an ACCA sentence - is not available to Petitioner. The appeals followed this Court's decisions in *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS,

6

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Petitioner's request for leave to amend his section 2255 motion. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of March, 2017.

---

2016 WL 6068114, 2016 U.S. Dist. Lexis 142354 (D. Me. Oct. 14, 2016); *Collamore v. United States*, Nos. 2:10-cr-158-GZS, 2:16-cv-259-GZS, 2016 WL 6304668, 2016 U.S. Dist. Lexis 148757 (D. Me. Oct. 27, 2016); and *United States v. Casey*, Nos. 2:11-cr-216-DBH, 2:16-cv-346-DBH, 2016 WL 6581178, 2016 U.S. Dist. Lexis 153085 (D. Me. Nov. 3, 2016). The appeals have been consolidated for briefing and argument, and the cases are docketed in the First Circuit as follows: *Dimott* (No. 16-2289); *Collamore* (No. 16-2319); and *Casey* (No. 16-2368.)