UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RAYMOND L. ELLIS, JR., | ) |
| Petitioner, | ) |
| v. | ) 1:09-cr-00103-JAW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER AFFIRMING THE
RECOMMENDED DECISIONS OF THE MAGISTRATE JUDGE**

In this action, Raymond L. Ellis, Jr. moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 120 months imprisonment. The Magistrate Judge recommended that the Court deny Mr. Ellis's motion. Mr. Ellis then moved to amend his § 2255 motion. The Magistrate Judge entered a second Recommended Decision, in order to allow a separate de novo review by this Court, which recommended that the Court deny Mr. Ellis's motion to amend. The Court now affirms the Magistrate Judge's Recommended Decisions and denies Mr. Ellis's § 2255 motion and his motion to amend.

**I. BACKGROUND**

On July 7, 2009, Mr. Ellis pleaded guilty to theft of firearms from a federal firearms licensee, conspiracy to commit theft, and possession of firearms as a convicted felon. *Information* at 1–4 (ECF No. 5); *Min. Entry* (ECF No. 11). On December 29, 2009, the Court sentenced Mr. Ellis to 120 months in prison on each of Counts 1 and 3, and 60 months on Count 2, all to be served concurrently. *J.* at 2 (ECF

No. 29). Mr. Ellis appealed his sentence to the United States Court of Appeals for the First Circuit and on March 17, 2011, the First Circuit affirmed the sentence. *Notice of Appeal* (ECF No. 31); *J.* at 1 (ECF No. 55).

On January 4, 2016, Mr. Ellis moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (ECF No. 59) (*Def.'s Mot.*). He argues that the Court erred as a matter of law by enhancing his sentence pursuant to U.S.S.G. § 2K2.1(b)(6) and contends that the applicable guideline range was 92 to 115 months, not the 135 to 168 months found by the Court at sentencing. *Id.* at 4; *id.* Attach. 1 *Mem. of Law* at 1–3 (*Def.'s Mem.*). Mr. Ellis also argues that his counsel was ineffective for failing to raise this issue. *Def.'s Mot.* at 5; *Def.'s Mem.* at 4–7. Mr. Ellis requests resentencing based on the alleged correct guideline range of 92 to 115 months. *Def.'s Mot.* at 13; *Def.'s Mem.* at 7. On February 3, 2016, the Magistrate Judge ordered the Government to respond and address only the statute of limitations issue. *Order to Answer* (ECF No. 62). The Government responded on June 3, 2016. *Gov't's Resp. to Pet'r's Mot. Pursuant to 28 U.S.C. § 2255 Insofar as Statute of Limitations Issue is Presented; and Mot. for Summ. Dismissal* (ECF No. 69). Mr. Ellis replied on July 1, 2016. *Pet'r's Reply* (ECF No. 70).

On November 14, 2016, the Magistrate Judge entered a recommended decision as to Mr. Ellis's motion under § 2255. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 72) (*Rec. Dec. § 2255*). On December 15, 2016, Mr. Ellis filed a motion to amend the original § 2255 motion. *Mot. to Amend* (ECF No. 73). On December 30,

2

2016, the Government filed a response to the motion to amend. *Gov't's Resp. to Pet'r's Mot. to Amend his Untimely 28 U.S.C. § 2255 Pet. and Renewed Mot. for Summ. Dismissal* (ECF No. 74) (*Gov't's Resp. to Amend Mot.*). Mr. Ellis replied on January 30, 2017. *Pet'r's Resp. to the Gov't's Rebutt[al] of his 2255* (ECF No. 75). Based on the amended motion and subsequent response and reply, on March 10, 2017, the Magistrate Judge entered a second recommendation in order to afford the Court the opportunity to apply the same standard of review to both decisions. *Recommended Decision on Mot. to Amend* at 1 n.1 (ECF No. 76) (*Rec. Dec. Amend*). Mr. Ellis objected to both of the recommended decisions on April 24, 2017. *Resp.* (ECF No. 79). The Government did not file a reply to Mr. Ellis's objection.

**II. DISCUSSION**

The Magistrate Judge recommended that the Court deny Mr. Ellis's 28 U.S.C. § 2255 motion. *Rec. Dec. § 2255* at 7. As the Magistrate Judge pointed out, Mr. Ellis's claims are subject to a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

*Rec. Dec. § 2255* at 5 (citing 28 U.S.C. § 2255(f)). Mr. Ellis did not file a petition for certiorari, so the one-year limitation period under 28 U.S.C. § 2255(f)(1) began to run upon the expiration of the time to file a petition for certiorari and expired one year later, which in this case would have been June 2012. *Id.* at 5–6. Because Mr. Ellis placed his motion in the prison mailing system in December 2015, more than three years after the expiration of the limitations period, his § 2255 motion is untimely. *See id.* at 6. Additionally, as noted by the Magistrate Judge, Mr. Ellis has not alleged any facts or made any arguments to suggest that the limitations period is governed by § 2255(f)(2), (3), or (4). *See id.*

Furthermore, the Magistrate Judge correctly stated that Mr. Ellis's limited knowledge of the law and limited access to legal materials or the courts during periods when he was placed in more restrictive housing conditions "do not in themselves" justify the "appropriate instances" required for equitable tolling. *See id.* at 6–7 (citing *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002)). Moreover, as noted by the Magistrate Judge, Mr. Ellis's lack of access to legal materials due to segregation did not occur within the one-year limitation period. *Id.* Rather, Mr. Ellis's access to legal materials and the courts were only restricted after the one-year limitation period had already passed. *Id.* For these reasons, the Court agrees with the Magistrate Judge's recommended decision to deny Mr. Ellis's § 2255 motion.

The Magistrate Judge also separately entered a recommended decision to deny Mr. Ellis's motion to amend his § 2255 motion. *Rec. Dec. Amend.* Mr. Ellis's motion to amend seeks to assert a claim under 28 U.S.C. § 2255(f)(3), following the United

4

States Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Mot. to Amend* at 1. In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague and violates the Constitution's guarantee of due process. 135 S. Ct. at 2563. Mr. Ellis asserts that without the residual clause, his sentence would have to be enhanced under the force clause and argues that the burglary charges within his criminal history should not count towards his sentence because they are not "violent crimes" as defined in the force clause. *Mot. to Amend* at 2–6.

The Magistrate Judge denied the motion to amend as futile for two main reasons: (1) the claim is precluded under *Beckles v. United States*, 137 S. Ct. 886 (2017), and (2) even if *Beckles* did not apply, Mr. Ellis was sentenced under the enumerated offense clause, not the residual clause, and therefore *Johnson* does not apply. *Rec. Dec. Amend* at 4–5. The Court agrees with the Magistrate Judge's reasoning on the first point—that under *Beckles*, the *Johnson* holding is not applicable to the Guidelines. As to the second point, although the Court agrees with the Magistrate Judge's ultimate conclusion—that even without *Beckles*, Mr. Ellis would not be entitled to relief under *Johnson*—the Court disagrees with one part of the Magistrate Judge's reasoning.

The Magistrate Judge reasoned that the *Johnson* line of cases is not applicable to Mr. Ellis's claim because *Johnson* only removed the residual clause of the ACCA, not the four enumerated offenses, one of which is burglary. *Id.* at 4. In other words, the Magistrate Judge asserted that because Mr. Ellis's sentencing range "was

5

determined under the enumerated offenses clause, not the residual clause, of the guidelines," he would not be entitled to relief under *Johnson*. *See id*. at 4–5.

Although it is true that had Mr. Ellis been sentenced under the career offender guidelines, his underlying burglary convictions likely would have fallen under the enumerated offenses clause and not the residual clause, Mr. Ellis's sentence was in actuality enhanced under U.S.S.G. § 2K2.1(b)(6), not under the residual clause, force clause, or enumerated offenses clause of the career offense guidelines, which are found at U.S.S.G. § 4B1.2(a). *See Revised Presentence Investigation Report* at ¶¶ 16–39.

As the Government correctly identifies, the "felony offense" referenced in U.S.S.G. § 2K2.1(b)(6) does not cross-reference the career-offender guideline and the definition for "felony offense" is not "substantially the same as the career offender guideline . . . in USSG [§§] 4B1.1 and 4B1.2." *Gov't's Resp. to Amend Mot*. at 4–5. Application Note 14 in the commentary to U.S.S.G. § 2K2.1(b)(6) simply defines "another felony offense" as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year." This definition does not include the additional requirement found in U.S.S.G. § 4B1.2, the career offender guidelines, that the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." For these reasons, Mr. Ellis would not be entitled to relief under *Johnson*.

## III. CONCLUSION

The Court reviewed and considered the Magistrate Judge's Recommended Decisions, together with the entire record; the Court has made a <u>de novo</u> determination of all matters adjudicated by the Magistrate Judge in both of the Recommended Decisions; and concurs with the ultimate conclusions of the United States Magistrate Judge. For the reasons set forth in the Magistrate Judge's Recommended Decision on 28 U.S.C. § 2255 on November 14, 2016 and subsequently in the Recommended Decision on Motion to Amend on March 10, 2017, and for those reasons further explained in this order, the Court affirms the recommendations of the Magistrate Judge. This Court further affirms the Magistrate Judge's recommendation to deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). The Court determines that no further proceeding is necessary.

1. It is therefore <u>ORDERED</u> that the Recommended Decision on 28 U.S.C. § 2255 Motion (ECF No. 72) by the Magistrate Judge be and hereby is <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that the Petitioner's Motion under § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 59) be and hereby is <u>DENIED</u>.

3. It is further <u>ORDERED</u> that the Recommended Decision on Motion to Amend (ECF No. 76) by the Magistrate Judge be and hereby is <u>AFFIRMED</u>.

4. It is further <u>ORDERED</u> that the Petitioner's Motion to Amend (ECF No. 73) be and hereby is <u>DENIED</u> and that the Petitioner's Objection to the Report and Recommended Decisions (ECF No. 79) be and hereby is <u>OVERRULED</u>.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of August, 2017